IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBRA A. SCHWARZ, Personal             Civil No. 06-3074-CO
Representative of the Estate of NORRIS
WILLIAMS SCHWARZ,             FINDINGS AND RECOMMENDATION

        Plaintiff,

    v.

JUDGE LANE SIMPSON, Lake County
Court; et al.,

        Defendants.


COONEY, Magistrate Judge.

      Plaintiff brings this action against defendants alleging claims for violation of

civil rights and pendent state claims.  Plaintiff seeks economic damages,  non-

economic damages, punitive damages, and reasonable attorney's fees and costs.

This court  has jurisdiction pursuant to 28 U.S.C. § 1331.  Before the Court is

defendants Wichita Falls Police Department, Hart, Burchett, Piper, Robinson, and

Hayhurst's motion to dismiss complaint for lack of personal jurisdiction (#8).  The

1 - FINDINGS AND RECOMMENDATION

time for a response from plaintiff has passed, and no response has been filed.[1]

## **FACTS**

The following paragraphs paraphrase pertinent complaint allegations:

At all material times, plaintiff was, and continues to be, a resident of Wichita Falls, Texas.

Plaintiff was released from incarceration on March 8, 2005, and was allowed to return to her residence at 1708 Hampton Road, Wichita Falls, Texas to care for her elderly husband, Norris W. Schwarz. Defendants Judge Lane Simpson ordered that Norris W. Scharz be kidnaped out of his home on March 10, 2005.

> Department Sgt. Hart #416, Officer Burchett #556, Officer Piper #645, Officer Robinson #606, Officer Hayhurst #566 carried out the orders to kidnap Mr. Norris Schwarz from 1708 Hampton road, Wichita Falls, TX. 76301, on March 10, 2005. Mr. Norris Schwarz remained a prisoner for 51 days until his death on May 3, 2005.

(Compl. Par. 8.)

## **DISCUSSION**

Defendants move to dismiss on the ground of lack of personal jurisdiction over them for claims arising out of an arrest by Texas police officers of a Texas resident which occurred in Texas. They contend that none of them has sufficient minimum contacts with the State of Oregon, nor did they purposefully direct any

---

[1] The Certificate of Service attached to defendants' motion papers shows that plaintiff was served at her address of record.

conduct toward the State of Oregon.

Where defendant raises the defense of lack of personal jurisdiction by a motion to dismiss, plaintiff bears the burden of proving a prima facie case that jurisdiction exists over defendant. Flynt Distrib. Co. v. Harvey, 734 F.2d 1389 (9th Cir. 1984); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284-85 (9th Cir. 1977). Allegations in a pleading are to be taken as true, unless contradicted by affidavit. Data Disc, 557 F.2d at 1285.

Federal courts may exercise personal jurisdiction over a nonresident defendant where 1) the state has a rule or statute which potentially confers personal jurisdiction over defendant, and 2) the assertion of jurisdiction accords with constitutional principles of due process. Id. at 1286. Because Oregon law confers jurisdiction over an out-of-state defendant which is coextensive with due process, the court need only analyze whether the exercise of jurisdiction comports with due process. Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 & n.1 (9th Cir. 1990) (per curiam) [applying Oregon law]; Newman v. Comprehensive Care Corp., 794 F. Supp. 1513, 1518-19 (D. Or. 1992). Due process limitations in this context have been defined as: "The basic rule is that the defendant must have certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Data Disc, 557

F.2d at 1287.

Where defendant's contacts are "substantial" or "continuous and systematic," general jurisdiction may be established over defendant in causes of action unrelated to defendant's contact with the forum.  Id.; Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 414 (9th Cir. 1977).   Limited or specific jurisdiction may be established based on a purposeful single contact generally where:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

Data Disc, 557 F.2d at 1287; Wells Fargo, 556 F.2d at 415-16; Haisten v. Grass Valley Med. Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 n.1 (9th Cir. 1986). However, jurisdiction may be exercised over a defendant whose only contact with the forum state is the purposeful direction of a foreign act with effect in the forum state.  Ochoa v. J.B. Martin & Sons Farms, Inc., 287 F.3d 1182, 1189 n.2 (9th Cir. 2002); Haisten, 784 F.2d at 1396 (and cases cited).

Here, there are no allegations by plaintiff in the complaint which show that any of the moving defendants purposefully directed any activity at residents in the

State of Oregon.  Because plaintiff has not established that any of the moving defendants has certain minimum contacts with  the State of Oregon such that maintenance of suit against them in this state would be reasonable, defendants' motion should be granted.

## RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss (#8) be granted, and this action be dismissed as to defendants Wichita Falls Police Department, Sgt. Hart #416, Officer Burchett #556, Officer Piper #645, Officer Robinson #606, and Officer Hayhurst #566.

**This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues**

5 - FINDINGS AND RECOMMENDATION

**and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this _____24_____ day of January, 2007.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE

6 - FINDINGS AND RECOMMENDATION