FILED'07 FEB 19 13:31 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DEBRA A. SCHWARZ, ) | Civil No. 06-3074-CO |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| JUDGE LANE SIMPSON, et al., ) | |
| ) | |
| Defendants. ) | |

**PANNER, Judge.**

Plaintiff Debra Schwarz brings this action pro se, apparently both on her own behalf and also as Personal Representative of the Estate of Norris Williams Schwarz. All facts stated herein are from the allegations in the Complaint.

The Complaint alleges several seemingly distinct events involving two distinct groups of defendants, the Oregon defendants and the Texas defendants. The first event is that Plaintiff was charged, in Lake County, Oregon, with the offense of criminal mischief in the second degree for unspecified conduct involving a money order. Plaintiff was convicted of the offense. On or about October 4, 2004, she was sentenced to (and apparently commenced to serve) an unspecified term of incarceration. Plaintiff believes the actions of the judge, prosecutor, and

1 - ORDER

Sheriffs (the Oregon defendants) were retaliation for her having exercised her First Amendment right to free speech.

The second event is that, while Plaintiff was incarcerated, the Oregon defendants somehow "sent the Plaintiff['s] elderly husband, Mr. Norris [W.] Schwarz back to his residence" in Wichita Falls, Texas.

Next, the Plaintiff was released from custody on March 8, 2005. The judge allowed Plaintiff to return to Wichita Falls to care for her husband. Two days later, however, the judge allegedly "ordered . . . Mr. Norris W. Schwarz kidnapped out of his home . . . . " The Texas defendants allegedly "carried out the orders to kidnap Mr. Norris Schwarz . . . on March 10, 2005. Mr. Norris Schwarz remained a prisoner for 51 days until his death on May 3, 2005."

Finally, on or about January 24, 2006, Plaintiff allegedly was detained in the vicinity of Eugene, Oregon, at the request of Lake County.

The Texas defendants have moved to dismiss the Complaint for lack of personal jurisdiction over them in Oregon. On January 24, 2007, Magistrate Judge Cooney filed his Findings and Recommendation (docket # 19), which recommended that the motion to dismiss be granted. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). I have reviewed the report and find no error. The facts alleged in the Complaint do not suggest a connection between the Texas defendants and Oregon sufficient to force the Texas defendants to answer for their conduct in an Oregon courtroom.

2 - ORDER

I therefore adopt the Magistrate Judge's recommendation, and grant the motion to dismiss the Texas defendants.

### Conclusion

Magistrate Judge Cooney's Findings and Recommendation (# 19) are adopted. The motion to dismiss (# 8) is granted. This action is dismissed, without prejudice, <u>only</u> as to defendants Wichita Falls Police Department, Sgt. Hart #416, Officer Burchett #556, Officer Piper #645, Officer Robinson #606, and Officer Hayhurst #566.

IT IS SO ORDERED.

DATED this __16__ day of February, 2007.

*[signature]*
Owen M. Panner
United States District Judge

3 - ORDER