IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DEBRA A. SCHWARZ, | ) | Civil No. 06-3074-PA |
| Plaintiff, | ) | **OPINION AND ORDER** |
| v. | ) | |
| JUDGE LANE SIMPSON, et al., | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

Plaintiff Debra Angeline Schwarz brings this pro se action, both for herself and as Personal Representative for the estate of her late husband, Norris Williams Schwarz. I previously dismissed the claims against ten defendants from Texas because Plaintiff had not shown this court had personal jurisdiction over them in Oregon.

The Oregon defendants now move for summary judgment. Those motions are granted. Plaintiff's cross-motion for summary judgment is denied.

## Legal Standards

Summary judgment will be granted if there are no genuine issues of material fact and the moving party is entitled to

1 - OPINION AND ORDER

judgment as a matter of law.  Fed R. Civ. P. 56(c).  A material fact is one that may affect the outcome.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Summary judgment may be granted, despite the presence of factual disputes between the parties, if the resolution of those disputes could not change the final result.  <u>Id.</u>  <u>See also</u> Brunet, Redish, & Reiter, SUMMARY JUDGMENT: FEDERAL LAW AND PRACTICE § 6.04 (2d ed. 2000).

The evidence, and reasonable inferences that may be drawn from it, must be viewed in the light most favorable to the non-moving party.  <u>Clicks Billiards, Inc. v. Sixshooters, Inc.</u>, 251 F.3d 1252, 1257 (9th Cir. 2001).

## Discussion

### Statute of Limitations

Two years is the longest limitations period applicable to any of the claims alleged in the Complaint.  See <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985); ORS 12.110(1).  This action was filed on September 26, 2006.  Therefore, all claims based on conduct occurring prior to September 26, 2004, are barred by the statute of limitations.

To the extent the Complaint purports to assert a claim for defamation, <u>see</u> ¶ 36 therein, the statute of limitations bars any claim based on publication before September 26, 2005.  <u>See</u> ORS 12.120(20 (one year limitation period for defamation in Oregon).

### Judicial Immunity

Judges are absolutely immune from civil liability for damages for their judicial acts.  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.  Rather, he is

2 - OPINION AND ORDER

subject to liability only when he has acted in the clear absence of all jurisdiction.  <u>Mullis v. United States Bankruptcy Court for the District of Nevada</u>, 828 F.2d 1385, 1388 (9th Cir. 1985).

The allegations against Judge Simpson are premised entirely upon judicial acts performed by him.[1]  These include decisions such as whether to detain or release Plaintiff from custody, whether to dismiss criminal charges, and the sentence to be imposed following a conviction.  Judge Simpson is immune from suit for damages for such acts.  Plaintiff's claims against Judge Simpson are dismissed with prejudice.

**<u>Prosecutorial Immunity</u>**

A prosecutor is entitled to absolute immunity from claims for damages under § 1983 for conduct "intimately associated with the judicial phase of the criminal process," <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976), that occurs in the course of his role as an advocate for the State, <u>Buckley v. Fitzimmons</u>, 509 U.S. 259, 273 (1993).

Not everything a prosecutor does is protected by absolute immunity.  <u>See</u> <u>Milstein v. Cooley</u>, 257 F.3d 1004 (9th Cir. 2001).  Generally, acts associated with initiating and conducting a prosecution, and acting as an advocate for the state, are within the scope of prosecutorial immunity.  <u>Id.</u>  Absolute immunity also attaches to decisions not to prosecute particular cases, <u>Roe v.

---

[1] The Complaint does allege that Judge Simpson ordered a "kidnaping" in Texas.  However, the record contains no evidence that Judge Simpson had any role in the events that occurred in Texas, or to support Plaintiff's characterization of what occurred as a "kidnaping."  On a motion for summary judgment, the Plaintiff cannot simply rest on her pleadings, but must come forward with evidence supporting the allegations.

3 - OPINION AND ORDER

City & County of San Francisco, 109 F.3d 578, 583-84 (9th Cir. 1997), and gathering evidence to present to the trier of fact, as opposed to gathering evidence to determine whether probable cause exists to arrest, Broam v. Bogan, 320 F.3d 1023, 1033 (9th Cir. 2003).

As with judges, a prosecutor is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.  Cf. Imbler, 424 U.S. at 416, 431 n.34 (prosecutor's "deliberate withholding of exculpatory information" and role in allegedly suborning perjury were shielded by absolute immunity).

The allegations against District Attorney David Schutt fall within the scope of his absolute prosecutorial immunity, and must be dismissed with prejudice.

**Challenge to Conviction and Sentence**

Plaintiff contends she was wrongly charged, convicted and sentenced.  A federal district court ordinarily may not hear an appeal from a state court conviction or sentence.  Plaintiff does not allege--and the record does not establish--that this matter is properly before the court as a petition for post-conviction relief under 28 U.S.C. § 2254.  Therefore, the court may not consider those contentions.

**Claims Against Lake County**

A county cannot be liable under 42 U.S.C. § 1983 on a "respondeat superior" theory.[2]  See Monell v. Dep't of Social

---

[2] A different rule governs state law claims, but Plaintiff has not alleged compliance with the Oregon Tort Claims Act. Regardless, Plaintiff offers no evidence that would support a finding that any county employee committed a tort.

4 - OPINION AND ORDER

Services, 436 U.S. 658, 691 (1978).  In other words, a county is not liable simply because it employs a tortfeasor.  Rather, a county is liable only for its own wrongdoing.  Such wrongdoing may be through a policy authorized by the county's highest decisionmaker for that issue or, in limited circumstances, by omissions at the highest levels coupled with a sufficiently culpable mental state.  Plaintiff has not made such a showing.

**Claims Against Defendants Pore and McDonald**

Plaintiff has proffered no evidence of wrongdoing by Pore or McDonald.  Plaintiff apparently objects to their placing Norris Schwarz on a bus and sending him home to Texas.  It is unclear, from this record, what Plaintiff would have preferred they do instead.  The only evidence before this court, while very limited, states that Mr. Schwarz was unable to care for himself adequately, and that Plaintiff was serving a 6-month jail term. Defendant Pore states that Plaintiff refused to accept responsibility for her husband's welfare.  A jury has found Plaintiff guilty of Criminal Mistreatment in the First Degree, based on those same events.

Even assuming Plaintiff had made some arrangements, there is no evidence in this record that Plaintiff, or anyone else, communicated those wishes to Pore or McDonald in a timely manner. The Affidavit of James Hart does not establish those facts.  The record also lacks an affidavit from Richard Doss disputing Defendant Pore's version of their conversation.

**Claims Against Mr. and Mrs. Rodney Schwarz of Colony, Texas**

These defendants have not appeared, but I see nothing to suggest the court has personal jurisdiction over them.  The court

5 - OPINION AND ORDER

previously dismissed, without prejudice, all claims against the other Texas defendants for lack of personal jurisdiction. The same disposition is appropriate for these two defendants.

## Conclusion

The claims against defendants Mr. and Mrs. Rodney Schwarz of Colony, Texas, are dismissed, without prejudice, for lack of personal jurisdiction.

Summary judgment is entered in favor of Defendants Lane Simpson, Lake County, District Attorney David Schutt, Chuck Pore, and Sheriff McDonald (motions ## 14, 27). Plaintiff's motion (docket # 40) for Partial Summary Judgment is denied.

Plaintiff's motion (# 48) to compel is denied as moot. Any other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this 18th day of July, 2007.

/s/ Owen M. Panner

Owen M. Panner
United States District Judge

6 - OPINION AND ORDER